UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖

**JAMES PETTUS,**

<b>Plaintiff</b>

        **-v-**                                    **9: 04-C V-260 (NAM)**

**CAPTAIN RICHARDS, Cayuga Correctional Facility; MR. DELFEVERO, Admin. Nurse, Cayuga Correctional Facility; VALERIE MCCARTHY, Admin. Nurse, Cayuga Correctional Facility,**

<b>Defendants.</b>

❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖

APPEARANCES:
JAMES PETTUS
Elmira Correctional Facility
P.O. Box 500
Elmira, New York 14902-0500
Plaintiff, *pro se*

HON. ELIOT L. SPITZER
Attorney General of the State of New York
SENTA B. SIUDA, ESQ.
Assistant Attorney General
615 Erie Boulevard West, Suite 102
Syracuse, New York 13204-2455
Counsel for Defendants

**Hon. Norman A. Mordue, D.J.:**

<b>MEMORANDUM-DECISION AND ORDER</b>

<b>BACKGROUND</b>

Plaintiff, an inmate in the custody of the New York State Department of Correctional

Services, brought this action for injunctive and monetary relief under 42 U.S.C. § 1983, alleging

that defendants violated his constitutional rights.  On March 29, 2005, Judgment was entered

dismissing the action without prejudice, in accordance with this Court's Memorandum-Decision

and Order, dated March 28, 2005.

Briefly, the procedural background is that after a disciplinary hearing on a disturbance charge against petitioner, petitioner pursued the three-step grievance procedure.  At the time he commenced his section 1983 action on March 10, 2004, the third step of the grievance procedure had not been concluded, that is, although he had taken the final step of appealing from the Superintendent's decision to the Central Office Review Committee of the Inmate Grievance Program ("CORC"), he had not yet received CORC's decision.  Nor was there evidence that petitioner had pursued the disciplinary appeal procedure.  As noted, this Court dismissed the complaint without prejudice on March 28, 2005.  The basis for the dismissal was petitioner's failure to exhaust his administrative remedies.

Now, in moving for reconsideration, petitioner submits a new section 1983 complaint, dated March 30, 2005, wherein he claims that all three steps of the grievance procedure have been completed.  He attaches a determination by CORC, dated April 7, 2004, upholding the Superintendent's determination.  He also attaches a determination by Donald Selsky, Director, Special Housing/Inmate Disciplinary Program, dated April 26, 2004, responding to his letter of appeal from the superintendent's hearing and modifying the penalty.

It appears from the papers submitted on the reconsideration motion that petitioner's intention was to file a new complaint – this time solely against Captain Richards – alleging that his administrative remedies have now been exhausted.  A motion to reconsider is not, however, the proper procedure.  Rather, petitioner must commence a new action.  *See generally Neal v. Goord*, 267 F.3d 116, 122-23 (2d Cir. 2001).

It is therefore,

ORDERED that petitioner's motion for reconsideration is denied.

IT IS SO ORDERED.

Dated:      July 26, 2005
            Syracuse, New York

Norman A. Mordue
U.S. District Judge